IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.  Criminal Action No. **3:01CR223**
    Civil Action No. **3:13CV830**

**RICARDO KING**

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on November 7, 2005, the Court denied a motion under 28 U.S.C. § 2255 filed by Ricardo King. (ECF Nos. 49–50.) On September 30, 2013, the Court received from King a Motion to Set Aside Void Judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) ("Rule 60(b) Motion," ECF No. 66). As explained below, the Rule 60(b) Motion must be treated as a successive, unauthorized § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held "that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S.

538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion or an improper successive § 2255 motion:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (internal citation omitted).

King's Rule 60(b) Motion does not raise procedural defects in the resolution of his first § 2255 motion. Instead, he raises alleged errors in the resolution of his direct appeal. Errors of this ilk could have been included in his first § 2255 motion. *See United States v. Harrison*, 414 F. App'x 148, 149 (10th Cir. 2011). Accordingly, the Court will treat the Rule 60(b) Motion (ECF No. 66) as a successive, unauthorized § 2255 Motion. Because the Court has not received authorization from the Fourth Circuit to file the § 2255 Motion, the § 2255 Motion (ECF No. 66) will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). King has not satisfied this standard. Accordingly, a COA will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 12/16/13
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge