IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.                                                                      Criminal Action No. **3:01CR223**

**RICARDO KING**

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on November 7, 2005, the Court denied a motion under 28 U.S.C. § 2255 filed by Ricardo King. (ECF Nos. 49–50.) On December 23, 2014, the Court received from King a Motion seeking relief under Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b) Motion," ECF No. 70). King contends that he is entitled to relief because a "Government Agent perpetrated a fraud on the District Court in order to gain upper-hand in Collateral proceedings." (Rule 60(b) Motion 4 (spelling corrected).) King concludes that:

> United States District Court owes Plaintiff a Constitutional obligation to review all attached exhibits and any records of prior proceedings before summary dismissing §2255 Motion but Courts have failed it's obligation and abused its discretion allowing material misrepresentation to taint it's decision. Depriving Plaintiff of a full and fair opportunity to challenge the legality of his detention under §2255 proceedings.

(*Id.* at 3 (punctuation corrected).) While it is difficult to decipher the true basis of King's grievance, it is plain that he is not entitled to relief under Rule 60(b)(6).

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of

Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207). King seeks relief under Rule 60(b)(6), hence, under Federal Rule of Civil Procedure 60(c)(1) he was required to file his motion within a reasonable time after the entry of the November 7, 2005 Memorandum Opinion and Order. Fed. R. Civ. P. 60(c)(1)("A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.") King's Rule 60(b) Motion, filed almost nine (9) years after the entry of the challenged judgment, was not filed in a reasonable time. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing *Cent. Operating Co. v. Utility Workers of Am.*, 491 F.2d 245 (4th Cir. 1974); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))). Furthermore, King fails to demonstrate that he has a meritorious claim. Accordingly, the Rule 60(b) Motion (ECF No. 70) will be DENIED. The Court will DENY a certificate of appealability.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 11/25/15
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge